IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| KIMBERLY MARTINEZ, Mother And Next Friend of N.M., a minor, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. CIV-20-0833-F |
| TENESHA RYEL, an individual, and WOODWARD PUBLIC SCHOOLS, | ) ) ) | (District Court of Woodward County, Case No. CJ-2019-62) |
| Defendants. | ) ) ) | |
| TENESHA RYEL, an individual, | ) ) | |
| Third-party plaintiff, | ) ) ) | |
| vs. | ) ) | |
| KIMBERLY MARTINEZ, WOODWARD PUBLIC SCHOOLS, JESSICA ROMINE, and CITY OF WOODWARD, | ) ) ) ) ) | |
| Third-party defendants. | ) | |

## **ORDER**

This action was removed to this court after Tenesha Ryel filed a pleading entitled "Counter/Cross-Claims and Third-party Petition" which included federal claims. On November 6, 2020, the court dismissed all federal claims, leaving only state-law claims for adjudication. Doc. no. 30. The court gave Ryel leave to file a "First Amended Counter/Cross-Claims and Third-Party Complaint" within fourteen days of the date of that order. *Id*. at p. 20. The deadline for Ryel to amend has

passed without any amendment. Accordingly, it is now clear that no federal claims remain in this action.

Judicial economy, fairness, convenience, and comity are all considerations which guide a district court's decision regarding whether to defer to a state court or retain and dispose of state law claims. United Mine Workers v. Gibbs, 383 U.S. 715, 726-27 (1966). The Tenth Circuit has held that when federal claims are resolved before trial, the district court should usually decline to exercise jurisdiction over the remaining state law claims and allow the plaintiff to pursue them in state court. *See*, Smith v. City of Enid By and Through Enid City Comm'n, 149 F.3d 1151, 1156 (10th Cir. 1998); Ball v. Renner, 54 F.3d 664, 669 (10th Cir. 1995).

Having dismissed the federal claims, and finding no consideration which causes the court to conclude that it should retain jurisdiction over any state law claims alleged in this action, the court, in the exercise of its discretion, declines to exercise supplemental jurisdiction over the state law claims. This action is hereby **REMANDED** to the District Court of Woodward County, State of Oklahoma, the court from which it was removed.

IT IS SO ORDERED this 23rd day of November, 2020.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

20-0833p006.docx